ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 10 2014

at __ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

FLORENCE T. NAKAKUNI  #2286
United States Attorney
District of Hawaii

THOMAS J. BRADY  #4472
Chief, Special Crime Section

TRACY A. HINO  #3202
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Tracy.Hino@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 14-00361 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSHU OSMANSKI, | ) | |
| | ) | Date: October 10, 2014 |
| Defendant. | ) | Time: 11:00 a.m. |
| | ) | Judge: Kevin S.C. Chang |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, JOSHU

OSMANSKI ("Defendant") and his attorney, Birney B. Bervar, Esq., have agreed upon the following:

1. The Defendant acknowledges that he has been charged in an Indictment with violating Title 49, Section 46314 (Entering Airport Area In Violation Of Security Requirements).

2. The Defendant has read the charge against him contained in the Indictment and the charge has been fully explained to him by his attorney.

3. The Defendant fully understands the nature and elements of the crime with which he has been charged.

4. In exchange for the Defendant's plea of guilty to the Indictment charging the offense of Entering Airport Area In Violation Of Security Requirements, in violation of Title 49, Section 46314, the Government and the Defendant agree that pursuant to Section 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government will concur with the Probation Office's sentencing recommendation to the Court. Further, the Government will recommend to the Court that the Probation Office's sentencing recommendation is the appropriate disposition of this case. The Defendant may concur with the Probation Office's sentencing recommendation or make another sentencing recommendation to the Court. Further in exchange for the Defendant's plea of guilty to the Indictment and the

Government's agreement to concur with the Probation Office's sentencing recommendation and that the Probation Office's sentencing recommendation is the appropriate disposition of the case pursuant to Section 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Defendant agrees to waive any challenge to the single-count Indictment, including, but not limited to: vagueness, multiplicity, or duplicity.

      5.   The Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

      6.   The Defendant enters this plea because he is in fact guilty as alleged in the Indictment and the Defendant agrees that his plea is voluntary and not the result of force or threats.

      7.   The Defendant understands that the penalties for the offense include:

         a.   A term of imprisonment of up to ten years;

         b.   A fine of not more than $250,000; and

         c.   A term of supervised release of not more than three years.

The Defendant also understands that there is a $100 special assessment per count. The Defendant agrees to pay $100 to the United States Attorney's Office, to be credited to said special assessment(s), before the commencement of any portion of sentencing.

The Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

        8. The Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which he is pleading guilty:

        a. On January 26, 2013, the Defendant, a licensed pilot, had a purchased passenger reservations for a Delta airlines flight to the Mainland to begin training classes for his hired position as First Officer for Atlas Air, Inc. He had been officially hired by Atlas Air on January 17, 2013, and was set to start as an airline pilot with them the next day.

        b. The Defendant presented himself at the TSA passenger security checkpoint at the Honolulu International Airport wearing his previous employer, Cathay Pacific, pilot's uniform and flight crew identification card on a lanyard. The Defendant had been a First Officer flying the 747-400 for Cathay Pacific, although he no longer worked for them at this time.

        c. The Defendant, at the time, a current licensed Commercial and Airline Transport Pilot, informed TSA officers that

he was a flight crew member for Cathay Pacific and presented the Cathay Pacific flight crew identification card as proof of his flight crew status.

        d.    TSA security officers allowed the Defendant to proceed through the passenger security checkpoint as a flight crew member without having to comply with standard passenger screening requirements, to wit:  1) the Defendant was not required to present a boarding pass, even though he had one from his purchased ticket, nor to present a government-issued identification, although he had both a current United States Military identification and drivers license from the state of Rhode Island that matched the Cathay Pacific ID in his possession; 2) the Defendant was not required to remove his shoes and belt for inspection; 3) the Defendant was not prohibited from bringing containers containing liquids through the security checkpoint, although he asserts that he had no liquid containers with him; and 4) the Defendant was screened by X-ray and metal detector devices although not by a full body-scanning device.

        e.    After gaining access to the sterile passenger area of the airport terminal as a flight crew member, the Defendant was questioned by federal agents.

        f.    The Defendant stated that he was no longer employed by Cathay Pacific and that he used his Cathay Pacific pilot's

uniform and flight crew identification card in order to proceed through the TSA passenger screening checkpoint without having to remove his shoes and to avoid the prohibition on bringing containers containing liquids into the sterile passenger area of the airport terminal.

9. Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty to adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the Defendant in connection with this matter:

    a.    Factual Stipulations:

The Defendant and the United States agree that the facts presented in paragraph 8 of this Agreement shall be stipulated to for the purposes of this Agreement and sentencing.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered

into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties are not aware of any facts that are in dispute for the purpose of sentencing of the Defendant in connection with this matter.

13. The Defendant is aware that he has the right to appeal his conviction and the sentence imposed. Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

   a. The Defendant also waives his right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

   b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be

applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

        c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

    14. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

    15. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting

the agreement will not undermine the statutory purposes of sentencing.

16. The Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If the Defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

    d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  The Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, the Defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

    17. The Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. The Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

    18. The Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement

reached, other than those set forth in this Agreement, to induce the Defendant to plead guilty.

      19.   Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.  The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

20. The Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the Defendant's conduct regarding the charge against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED:  Honolulu, Hawaii, _____.

AGREED:

| | |
|---|---|
| FLORENCE T. NAKAKUNI<br>United States Attorney<br>District of Hawaii | JOSHU OSMANSKI<br>Defendant |
| THOMAS J. BRADY<br>Chief, Special Crime Section | BIRNEY B. BERVAR<br>Attorney For Defendant |
| TRACY A. HINO<br>Assistant U.S. Attorney | |

20. The Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the Defendant's conduct regarding the charge against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, _____OCT 10 2014_____.

AGREED:

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii


_____
THOMAS J. BRADY
Chief, Special Crime Section

_____
TRACY A. HINO
Assistant U.S. Attorney

_____
JOSHU OSMANSKI
Defendant

_____
BIRNEY B. BERVAR
Attorney For Defendant

12